IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BAPTIST HOMES, INC.
DBA SON VALLEY                                                         PLAINTIFF

VS.                                        CIVIL ACTION NO.: 3:24cv92 KHJ-MTP

CITY OF MADISON, MISSISSIPPI,
A MUNICIPAL CORPORATION, AND
JANE-JOHN DOES I-X                                                     DEFENDANTS

## COMPLAINT

(JURY TRIAL DEMANDED)

Plaintiff Baptist Homes, Inc. d/b/a Son Valley brings this Complaint against the City of Madison, Mississippi and Jane-John Does I-X for injunctive, declaratory, and other relief and damages for Defendants' actions against Plaintiff in violation of the laws of the United States.

## PARTIES

1. Plaintiff Baptist Homes, Inc. is a Mississippi non-profit corporation with its principal place of business in Canton, Mississippi, and which provides support services to Mississippi citizens with intellectual, developmental, or other disabilities through its ministry, Son Valley. Among the support services provided by Baptist Homes d/b/a Son Valley (hereinafter "Baptist Homes") are residential support services provided in the private residences of persons with disabilities upon their request and only as necessary for individuals to live as independently as possible in their private residences. At all times relevant to this Complaint, Baptist Homes has prepared to provide, has intended to provide, and/or has provided support services to the four (4) individual adults who intend to reside at 405 Drayton Place, Madison, Mississippi 39110 ("405 Drayton Place") pursuant to individual lease/rental agreements as their private residence, and

otherwise as a single-family household unit, as is their right. Previously, these four (4) disabled adults have resided together as a single-family household unit elsewhere in the Southern District. As of the date of the filing of this Complaint, these four (4) disabled adults are living together as a family at 405 Drayton Place as guests of Baptist Homes, and otherwise without lease/rental charges, as a result of the City of Madison's bad faith refusal and/or failure to approve Plaintiff Baptist Homes' application for a City of Madison rental licensing permit and otherwise in interference with the rights of Baptist Homes and these four (4) disabled persons.

2. Defendant City of Madison, Mississippi (sometimes hereinafter the "City"), is a municipality and body politic created pursuant to the laws of the State of Mississippi. Its principal offices are located at 1004 Madison Ave., Madison, Mississippi 39110 and its mailing address is the same. The City includes its officials, officers, attorneys, agents, boards, committees, commissions, and departments. At all times, the City of Madison had a duty to ensure that all citizens who reside within or find themselves within the City of Madison's municipal borders, or who interact with the City and/or its officials, officers, attorneys or agents, are treated equally and fairly by the City of Madison pursuant to the Constitution and laws of the United States and are not discriminated against on the basis of disability or other protected status and/or under color of law. At relevant times, the City acted through its officials, officers, attorneys and employees including, but not limited to, Kianca Guyton, (sometimes hereinafter "Guyton" or "Director of Community Development"), who is the Community Development Director for the City of Madison, and Chelsea Brannon, (sometimes hereinafter "Brannon" or "City Attorney"), who is the City Attorney for the City of Madison.

3. Defendants Jane-John Does I-X are those persons, exact names presently unknown who have conspired with the City to deprive Baptist Homes and the four (4) disabled adults they

2

serve of the equal protection under the laws of the United States and otherwise to deprive Baptist Homes of its rights to provide support services to these four (4) disabled adults in order these adults be afforded the equal opportunity to use and enjoy the residential dwelling of their choice within the community, including the right of Baptist Homes to aid and encourage the four adults who reside in and intend to lease the 405 Drayton Place residence as their private residence, in the exercise of their own rights to choose, use and enjoy the dwelling of their choice in the community.

## NATURE OF ACTION AND JURISDICTION

4. This is a civil action under 42 U.S.C. §1983 seeking damages, injunctive and declaratory relief against Defendants for committing acts, under color of law, with the intent and purpose of depriving Plaintiff, and those aided and supported by Plaintiff, of rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivations and denials to Plaintiff, and those aided and supported by Plaintiff.

5. This case arises under the United States Constitution and 42 U.S.C. §§1983 and 1988, as amended, for violations of federal law including the Fair Housing Act ("FHA"), 42 U.S.C. §§3601, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131, *et seq.*

6. This Court has jurisdiction over this action under 28 U.S.C. §1331 and may grant declaratory, injunctive, and other relief pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §3613(c), and Rules 57 and 65 of the Federal Rules of Civil Procedure.

7. Venue is proper under 28 U.S.C. §1391(b) because the claims alleged herein occurred in Madison County, Mississippi within the Southern District of Mississippi, Northern Division.

## FACTUAL ALLEGATIONS

8. At all times relevant to this Complaint, Baptist Homes has served as a provider of residential support services to Mississippians with intellectual, developmental, or other disabilities as defined by the Americans with Disabilities Act and the Fair Housing Act.

9. Baptist Homes provides support services to four (4) unrelated adult persons with disabilities who have previously lived together as a family elsewhere in the Southern District of Mississippi, and who presently live together as a family in a single-family dwelling, as of right, located at 405 Drayton Place, Madison, Mississippi. These four (4) adults use the single-family dwelling as their private residence and otherwise as a single-family residential use.

10. 405 Drayton Place is a "dwelling" as defined under the Fair Housing Act.

11. The four (4) adult persons who live together at 405 Drayton Place are each disabled persons as defined under the Americans with Disabilities Act and the Fair Housing Act. These persons require certain and necessary supports in order they be afforded the equal opportunity to live as independently as possible within the community in the neighborhood and residence of their choice.

12. The single-family dwelling located at 405 Drayton Place was recently purchased by Baptist Homes for the purpose of making it available as a private residence for the four (4) disabled persons who have exercised their individual choice to live there. Baptist Homes purchased the home for these four (4) adults with the intention that these four (4) adults be able to lease/rent the home as their private residence, as is their right.

13. Baptist Homes makes the home located at 405 Drayton Place available to and intends to lease the home to the four (4) disabled adults who reside there, which adults might

otherwise be unable to lease the residence themselves or otherwise without the support and financial assistance provided, in this instance, by Plaintiff Baptist Homes.

14. After Baptist Homes' May 2023 purchase of the 405 Drayton Place residence, Baptist Homes received a letter dated June 1, 2023 from Kianca Guyton, Director of Community Development for the City of Madison. Guyton's letter stated:

> It was brought to our attention that this residence *was purchased to be used as multi-family, a medical facility, or a boarding house. The property is currently zoned R-1 (Single-family residential). Multi-family or commercial uses are not an allowable use in this zoning district.*
>
> *Please contact me if you would like to further discuss this matter...*

(Italicization added for emphasis).

15. In the City's letter from Guyton, the City gave no explanation for its unilateral determination the residence "was purchased to be used as multi-family, a medical facility, or a boarding house…" The City had no credible information upon which to make such determination.

16. In response, Baptist Homes communicated with Guyton acting on behalf of the City to explain how the residence had been purchased to be made available as a private residence for lease to four (4) disabled adults for use as their private residence. Baptist Homes was informed they would need to discuss the matter with the City Attorney for the City of Madison, Chelsea Brannon. Baptist Homes placed two calls to Brannon shortly after being instructed to do so by Guyton, neither of which were accepted or returned.

17. Months later, on or about December 14, 2023, Baptist Homes corresponded with Director of Community Development Kianca Guyton, explaining that at least two calls had been made and messages left for the City Attorney, as instructed, but which calls were never returned. Baptist Homes further documented it had reached out to Guyton expressing a willingness to meet and address any concerns the City may have regarding Baptist Homes' intention to rent the

5

property as a single-family residence, and documenting Guyton's agreement a meeting would be helpful. The correspondence documented Guyton had been provided telephone contact information for the convenience of the City to respond, yet no one from the City ever responded. Baptist Homes documented therein its first "formal request for a reasonable accommodation" from any conclusion by the City "that the lease of [these] premises to four developmentally disabled adults residing together as a single household unit is inconsistent with the property's R-1 zoning designation..." Finally, and continuing in its good faith efforts to work with and communicate with the City, Baptist Homes concluded its correspondence by offering again to discuss the matter at the City's convenience.

18. Over the subsequent eight-plus months between June, 2023 and the date of filing of this Complaint, Baptist Homes has attempted numerous times to communicate with the City, through its City Attorney Chelsea Brannon, as instructed by the City, but to no avail. Proceeding in good faith, Baptist Homes has made numerous telephone calls to and left messages with Brannon's City office, yet not one single call has been returned.

19. Intending to honor its commitments and in fulfillment of its ministry to the disabled persons it serves, Baptist Homes continued in its efforts to make the 405 Drayton Place residence available to the four (4) disabled adults who had expressed their choice to live in and lease the single-family dwelling as their private residence, as of right. Baptist Homes began the process of completing the City's required *Rental Inspection and Property Licensing Application* (hereinafter "licensing application" or "Application") so that the property could be leased to the four (4) intended residents for 405 Drayton Place, as of right.

20. The single-family dwelling located at 405 Drayton Place is located within the Crescent Landing neighborhood in the City of Madison. The applicable covenants for the Crescent

Landing neighborhood contain no requirement for owner occupancy nor any prohibition against leasing the single-family dwellings located in the Crescent Landing neighborhood. On or about December, 2023, Baptist Homes obtained the required, official approval letter from the applicable Crescent Landing Owners' Association ("HOA") for inclusion with its licensing application to the City, which HOA approval letter specifically stated:

> Dear City of Madison,
>
> The owner (Baptist Homes Inc) of 405 Drayton Place, Madison, MS has permission from the Crescent Landing Owners Association to lease the property in accordance with the lease agreement provided to the Association on December 20, 2023…

21. Along with the required HOA approval letter from the Crescent Landing Owners' Association, Baptist Homes submitted its completed *Rental Inspection and Property Licensing Application* ("Application"), along with all required documentation and applicable fees to the City on or about January 29, 2023. Having obtained the necessary neighborhood approval from the Crescent Landing Owners' Association, Baptist Homes made the residence available to the four (4) disabled residents, at no charge, to live in the residence as guests of Baptist Homes pending the City's approval of the rental property licensing Application.

22. As of the filing date of this Complaint, the City has never reached out to Baptist Homes with any questions or any comment about its subject Application, or any request to schedule the required inspection by the City, even after a period of more than two (2) weeks.

23. Despite hearing nothing directly from the City regarding its completed Application, Baptist Homes noticed unusual and intimidating activity by City employees/agents around its property shortly after submitting its Application. It was observed on more than one occasion that marked City vehicles were seen parked near the residence in the afternoon when the residents of 405 Drayton Place returned to their home after the day tending to their business in the community.

7

The marked City vehicles were observed with City agents watching or surveilling the residents when they returned to their home, but without announcing any purpose or reason for their presence or surveillance. The City vehicles would then speed away without explanation, only to return on subsequent days with similar unexplained surveillance and intimidating activity, and despite the residents simply returning to and enjoying their private residence, as of right, and just like any other citizens of the City of Madison, Mississippi.

24. Approximately one (1) week after filing its Application, Baptist Homes inquired with the City through its agent, Faith Funchess, about scheduling an inspection pursuant to its rental Application. Funchess initially stated that the inspection would be scheduled within 1.5 weeks of the Application date. Having heard nothing from the City with regard to its Application or about scheduling an inspection, and having observed additional intimidating and unexplained surveillance of its property and of its residents, Baptist Homes reached out once again on or about February 9, 2024 to the City for explanation as to the City's unexplained delay in processing its rental Application or in scheduling the required City inspection. In response, Faith Funchess stated for the City the Application would not be approved and directed Baptist Homes, yet again, to the City Attorney Chelsea Brannon for explanation. And, once again, Baptist Homes reached out to Brannon that day, only to be ignored as with all previous communications to Brannon's office.

25. Finally, Baptist Homes reached out to Brannon's office again on February 12, 2024 to remind the City of its long pending Application, about which Baptist Homes had been informed of no deficiency or any other reason by the City why the Application should not be processed, or the City inspection scheduled. Baptist explained further that, pending approval of its Application, the four (4) disabled adults were living in the residence at 405 Drayton as guests of Baptist Homes, and otherwise without lease/rental charges.

26. Having been given no reason or explanation why its rental Application should not be processed and inspection scheduled, Baptist Homes reiterated to the City, as it had in December, 2023, that to the extent the City had somehow concluded that the intended lease of the premises to four (4) developmentally disabled adults residing together as a single household unit is somehow inconsistent with the R-1 zoning designation for the property, Baptist Homes requested explanation of the basis for such conclusion and, if that was the conclusion, that the City please accept that correspondence as documentation of Baptist Homes' "second request for a reasonable accommodation of any such inconsistency."

27. As of the filing of this Complaint, the City has given no response to Baptist Homes' February 12, 2024 communication, request for information, and explicit "second request for reasonable accommodation…"

28. The City has willfully ignored all previous communications and requests for information from Baptist Homes, specifically including its explicit first request for reasonable accommodation in December, 2023. The City has tacitly, and effectively rejected Baptist Homes' requests for reasonable accommodation.

29. The four (4) disabled adults who reside in and intend to lease the single-family residence located at 405 Drayton Place, Madison, Mississippi, constitute a family as defined in the applicable ordinances of the City of Madison, and as of right. Nothing in the applicable ordinances prohibit four (4) disabled adults from living together as a family in a single-family dwelling in an R-1 zoning district.

30. The City has had no evidence, and there exists no evidence upon which the City could conclude that the residency of the four (4) disabled adults who live in and intend to lease the single-family dwelling located at 405 Drayton Place constitutes any use other than a residential

use by a "family" who occupy and intend to lease the single-family residence as a single household unit.

31.     The four (4) disabled adults who currently live at 405 Drayton Place at no charge as guests of Baptist Homes intend to each pay lease/rental payments for their intended rental occupancy. Each will purchase their own groceries, participate in meal planning and meal preparation as a family, and participate in housekeeping responsibilities, individually and together, as would any other family in Madison, and all with individually tailored support services, only by request and only as necessary according to individual need, as of right.

32.     As of the date of filing of this Complaint, there is no ordinance of the City of Madison that prohibits the provision of in-home support services to residents of single-family dwellings anywhere in the City of Madison, whether those services be support services for intellectual/developmentally disabled persons, as is primarily the case in this instance, or even home-health services, hospice services, or any other support services that may be necessary for citizens of Madison to live in their own homes. The provision of residential support services to intellectually/developmentally disabled adults, in their private residence, does not transform a single-family dwelling into a multi-family dwelling, nor constitute a commercial use of a single-family residential dwelling.

33.     The City has willfully ignored Baptist Homes' repeated attempts to communicate with the City in good faith, despite the City's own instructions as to communications with the City. In bad-faith, the City has intentionally refused to complete an inspection pursuant to Baptist Homes' rental licensing Application, and has surveilled and intimidated the residents of 405 Drayton Place, and Baptist Homes as it goes about the fulfillment of its ministry of providing support and encouragement to individuals with disabilities in the exercise and enjoyment of their

rights to live in the residence of their choice in the Madison community just like any other citizen of Madison, Mississippi.

## CLAIMS FOR RELIEF

### COUNT I: THE FAIR HOUSING ACT ("FHA")

34. The allegations in paragraphs 1-33 are incorporated herein by reference.

35. The subject property located at 405 Drayton Place, Madison, Mississippi is a "dwelling" within the meaning of 42 U.S.C. §3602(b), and the current residents of the dwelling are "handicapped" within the meaning of 42 U.S.C. §3602(h).

36. Through the actions described above, one or more of the Defendants have taken actions that have or will have the effect of:

    a. Making, or attempting to make, housing unavailable on the basis of disability/handicap in violation of 42 U.S.C. §3604(f)(1);

    b. Imposing different terms, conditions, or privileges in the provision of services or facilities because of handicap in violation of 42 U.S.C. §3604(f)(2);

    c. Failing or refusing to make reasonable accommodations in rules, policies, practices or services when such accommodation may have been necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling in violation of the Fair Housing Act, 42 U.S.C. §3604(f)(3)(b); and

   d. Intimidating or interfering with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged persons with disabilities in the exercise or enjoyment of rights granted by the Fair Housing Act, in violation of 42 U.S.C. §3617.

37. Defendants acted intentionally, willfully, and in disregard for the rights of others.

38. There are persons residing in and persons offering aid and encouragement to the residents of 405 Drayton Place, Madison, Mississippi, who are aggrieved persons within the meaning of 42 U.S.C. §3602(i), that have been injured by the Defendants' discriminatory and unlawful actions and practices and who have suffered damages because of Defendants' conduct.

## COUNT II: CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §§1983, 1988 THE AMERICANS WITH DISABILITIES ACT ("ADA")

39. The allegations in paragraphs 1-38 are incorporated herein by reference.

40. The current residents of 405 Drayton Place, Madison, Mississippi are "qualified individuals with disabilities" within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12102(1) and 12131(2).

41. The Defendant is a public entity within the meaning of the ADA, 42 U.S.C. §12131(1).

42. Defendants' actions described above were taken intentionally or effectively, in:
   a. excluding individuals with disabilities from participation in and denying them the benefits of the services, programs or activities of a public entity, in violation of Title II of the ADA, 42 U.S.C. §12132; and

   b.  failing to make reasonable modification in policies to avoid discrimination in violation of Title II of the ADA, 42 U.S.C. §12132.

43. Defendants, and others in concert with them, acted intentionally, willfully, and in disregard for the rights of others, and under color of law.

44. Persons who have been subjected to Defendants' conduct have suffered and will continue to suffer irreparable harm in the absence of relief.

WHEREFORE, Plaintiff prays the Court will enter an ORDER:

   a.  Declaring that the actions of the Defendants described above constitute violations of the Fair Housing Act, as amended, 42 U.S.C. §§3601 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. §§12131 *et seq.*, and awarding relief pursuant to 42 U.S.C. §§1983 and 1988;

   b.  Enjoining Defendant City of Madison, Mississippi, its officers, employees, agents, attorneys, successors, and all other persons in active concert or participation with it, from discriminating on the basis of disability in violation of the Fair Housing Act and the Americans with Disabilities Act and pursuant to 42 U.S.C. §1983;

   c.  Enjoining Defendant City of Madison, Mississippi, its officers, employees, agents, attorneys, successors, and all other persons in active concert or participation with it, from failing to make reasonable accommodations and/or modifications in its policies, practices, rules or services, as required by the Fair Housing Act and the Americans with Disabilities Act, including accommodations that permit the making available of housing and provision of support services in housing for persons with disabilities.

   d.  Ordering the Defendants take all affirmative steps to ensure compliance with the Fair Housing Act and the Americans with Disabilities Act, including steps necessary to prevent the

recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of its unlawful housing practices as described herein;

  e. Awarding monetary damages, pursuant to the Fair Housing Act, 42 U.S.C. §3613(c)(1) for actual damages suffered by Plaintiff and as provided for pursuant to 42 U.S.C. §1983;

  f. Awarding punitive damages pursuant to the Fair Housing Act, 42 U.S.C. §3613(c)(1).

  g. Awarding Plaintiff its costs and a reasonable attorney's fee pursuant to law including 42 U.S.C. §3613(c)(2) and 42 U.S.C. §1983.

  h. Ordering such other relief, general and specific, as may be warranted in the circumstances and in the interests of justice.

Dated this the 13th day of February, 2024.

Respectfully submitted,

BAPTIST HOMES, INC. DBA SON VALLEY

By: *(signature)* William H. Hussey
William H. Hussey (MBN 102322)
Charles H. Best III (MBN 106451)
MAXEY WANN, PLLC
401 E. Capitol St., Ste. 200 (39201)
Post Office Box 3977
Jackson, Mississippi 39207-3977
(601) 355-8855
(601) 355-8881 Facsimile
William@MaxeyWann.com
Charles@MaxeyWann.com

*Attorneys for Baptist Homes, Inc.*