**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**BAPTIST HOMES, INC.**                                         **PLAINTIFF**
**DBA SON VALLEY**

**v.**                                              **CAUSE NO. 3:24CV-00092-KHJ-MTP**

**CITY OF MADISON, MISSISSIPPI,**                        **DEFENDANTS**
**A MUNICIPAL CORPORATION, and**
**JANE-JOHN DOES I-X**

---

**MEMORANDUM IN SUPPORT OF
DEFENDANT CITY OF MADISON, MISSISSIPPI'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

---

### I.     INTRODUCTION

Because Plaintiff Baptist Homes, Inc. d/b/a Son Valley ("Baptist") lacks standing, because it runs an impermissible commercial enterprise in a residential zone, and because it has suffered no damages, Defendant, City of Madison, Mississippi ("City"), moves to dismiss the Complaint against it.

As a jurisdictional basis for dismissal, standing is challenged under Federal Rule of Civil Procedure 12(b)(1) and/or any other rule or authority deemed proper by the Court.  The remaining arguments for dismissal are analyzed under Rule 12(b)(6).

Alternatively, the City moves for a more definite statement under Federal Rule of Civil Procedure 12(e), so that an amended complaint can be filed that would allow the City to be able to properly respond to Baptist's claims against it.

1

## II.     FACTUAL BACKGROUND[1]

Baptist owns a house located at 405 Drayton Place in Madison, Mississippi ("Drayton Place house"). *See* Complaint. [ECF 1], ¶ 12. It purchased the Drayton Place house so Baptist's adult patients who have intellectual, developmental, or other disabilities could use it as a residential home. *Id.*, ¶¶ 1, 8, 12. Currently, Baptist has four unrelated disabled adults living in the Drayton Place house. *Id.*, ¶¶ 1, 9, 11. Baptist "provides support services" at the Drayton Place house to the residents. *Id.*, ¶¶ 1, 9. Baptist "intends to lease" the Drayton Place house to the four unrelated adults. *Id.*, ¶ 13.

As permitted by Mississippi law, the City has an Official Zoning Ordinance. *See Exhibit A*, Official Zoning Ordinance of the City of Madison, Mississippi, Art I, p. 1.[2]  The Drayton Place house is zoned R-1. *See* Complaint, ¶ 14; *see also* City of Madison Zoning Map.

R-1 denotes a Single-Family Residential District. "The purpose of this district is to promote the preservation and establishment of areas of low density residential development with a minimum lot size of 15,000 square feet." *See* Ex. A, Art. IX, ¶ 9.01, p. 55. The only relevant permitted land use in R-1 is that of "[s]ingle-family detached dwellings with only one principal dwelling per lot." *Id.*, Art. IX, ¶ 9.02(a), p.

---

[1] For purposes of this Motion only, the City will construe Plaintiff's factual allegations as true.  The City does not concede such facts and reserves the right to deny and otherwise present alternative facts at any further stage in this proceeding.

[2] *See* https://www.madisonthecity.com/departments/community-development/#zoning (last checked on April 9, 2024); *see also* Certification of Zoning Ordinance Excerpts and Certification, attached to Motion as Exhibit "A".

55. A single-family dwelling is defined as "[a] detached residential building designed for occupancy by one family." *Id.*, Art. III, ¶ 3.02, p. 9. "Family" means:

> One person living alone, or two or more persons living together as a single, housekeeping unit, whether related to each other legally or not, as distinguished from a group occupying a boarding house, lodging house, hotel, motel, dormitory or similar dwelling for group use. . . .

*Id.*, p. 11. A lodging house and a rooming house are defined as "[a] building where lodging only is provided for compensation to three or more, but not exceeding twenty (20) persons." *Id.*, pp. 14, 18. With a boarding house, "meals and/or lodging are provided for three or more but not exceeding twelve persons (other than family members)" in exchange "for compensation and by prearrangement for definite periods…." *Id.*, p. 6.

Baptist contends the Drayton Place house is being used as a single-family dwelling as permitted in an R-1 District. The allegations in the Complaint, however, belie this contention.

Baptist intends to use the Drayton Place house to provide a residential setting for four of its adult patients in exchange for compensation. Complaint, ¶ 13. This renders it—at best—a lodging house. But Baptist's use goes beyond simply creating a lodging house. Baptist admits it will be providing "certain and necessary" support services to the four unrelated, disabled adults living at the Drayton Place house. *Id.*, ¶ 11, Without Baptist's support, the disabled adults "might otherwise be unable" to live in the house. *Id.*, ¶ 13. Baptist's use of this house is as a business in the health care industry, and not the permitted single-family residence.

3

Regardless of how the Drayton Place house is characterized, Baptist lacks standing to bring this lawsuit on behalf of the four intellectually and/or developmentally disabled persons residing at the Drayton Place house. Baptist's lawsuit seeks "damages, injunctive and declaratory relief" from the City based on the rights of "those aided and supported by" Baptist. *See* Complaint, ¶ 4. Baptist describes how it believes the four individuals' rights under the Fair Housing Act and the American with Disabilities Act were violated. *Id.*, ¶¶ 36, 42.

Baptist is unhappy with the City's zoning ordinance and how it affects Baptist's business plans. But rather than bring that lawsuit, Baptist has disguised its suit as one for alleged violations of the Fair Housing Act and the ADA, which are claims held by the four unnamed individuals, not Baptist. Because Baptist does not have standing to sue on behalf of the four unnamed individuals, this lawsuit should be dismissed.

## III.   STANDARD OF REVIEW

***Rule 12(b)(1).*** "In ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy, Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004)[3]. The Fifth Circuit also uses a permissive standard to assess the actuality of the harm alleged for the purpose of standing. *Id.*

---

[3] Unless otherwise noted, all internal citations and quotations are omitted.

4

*Rule 12(b)(6).*  When considering a Rule 12(b)(6) dismissal motion, the Court typically ". . .cannot rely on evidence outside the complaint." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. June 3, 2022) (quoting *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016).  However, a district court may rely on evidence outside of the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201.  *Id.*  (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

## IV.    ARGUMENTS AND AUTHORITIES

### A.  Rule 12(b)(1) Basis for Dismissal.

*Baptist Lacks Standing.*    Baptist's claims against the City should be dismissed because it has no standing to sue on behalf of the four individuals who have allegedly suffered due to the City's enforcement of its Ordinance.

If a plaintiff cannot establish standing to sue, relief is not possible, and dismissal under Rule 12(b)(1) is the appropriate result. *Moore v. Bryant*, 853 F.3d 245, 248 n.2 (5th Cir. 2017).

The U.S. Supreme Court's "plausibility" requirement for complaints challenged for failing to state a claim applies to facial challenges to subject-matter jurisdiction; thus, to survive a motion to dismiss for lack of standing, a complaint must contain sufficient factual matter that would plausibly establish standing if

5

accepted as true, and threadbare recitals of elements of standing, supported by mere conclusory statements, do not suffice. *Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1354 (Fed. Cir. 2018).

In *Hills v. Lamar Cty. Sch. Dist.*, No. 2:06cv53-KS-MTP, 2007 U.S. Dist. LEXIS 19861 (S.D. Miss. Mar. 20, 2007), the Lamar school district filed a 12(b)(1) motion to dismiss for standing with an alternative motion for a more definite statement. District Judge Starrett denied the 12(b)(1) only because Hills filed a motion for leave to file an amended complaint that took care of the standing issue.

Here, Baptist is incapable of filing an amendment that would cure its lack of standing over the individuals at issue.  Baptist has not even attempted to plausibly allege that it serves as the conservator or has any other authority to assert claims on behalf of its individual clients.  A party must assert its own rights to demonstrate standing and such a requirement is jurisdictional in nature.  *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 Fed. Appx. 260, 263 (5th Cir. March 17, 2020); *see also Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 249-250 (5th Cir. 2019) (concluding that a district court lacks jurisdiction where the provider cannot demonstrate standing through a valid assignment of benefits).

### B.  Rule 12(b)(6) Bases for Dismissal

***Improper Commercial Enterprise.***  Even if Baptist had standing, the Mississippi Supreme Court has confirmed that cities have the right to enforce zoning ordinances and has concluded that commercial services to residents such as those provided by Baptist constitute commercial activity, which is impermissible in

residential housing zones. *Scioto Props. SP-16, LLC v. Graf*, 349 So. 3d 172, 174 (Miss. October 13, 2022). By Baptist's own allegations, it intends to lease the residence to the subject individuals and provide support services necessary and unique to each individual. *See Complaint*, ¶¶ 11, 13, 31.

**No Damages.** Aside from the above deficiencies in Baptist's pleading, it also admits the individuals living at the Drayton Place house are currently doing so for free and, thus, have no damages. *Id.*, ¶ 31. It seems Baptist is attempting to obtain a favorable ruling from the Court by disguising this case as one of discrimination against the four individuals residing at the Drayton Place house so that it can start charging them rent. At this point in time, the four individuals are living in the Drayton Place house for free. They, therefore, have not been damaged by anything the City has (or has not) done.

### C. Alternatively, Rule 12(e) Basis for a More Definite Statement.

**Baptist Should Provide a More Definite Statement.** Alternatively, under Federal Rule of Civil Procedure Rule 12(e), "a party may move for a more definite statement of pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Fed. R. Civ. P.* 12(e). A Rule 12(e) motion may be appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice" to a defendant. *Id.* (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002).

In determining whether to require a plaintiff to provide a more definite statement, courts consider the pleading requirements of Rule 8. *Id.* (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). In *Mitchell*, the Fifth Circuit held that:

> . . .in such a situation it becomes important that great care must be used in passing on a motion for definite statement. In view of the great liberality of F. R. Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.

*Id.*

Here, Baptist has done nothing to demonstrate that it has standing to sue on behalf of the four unnamed, intellectually disabled clients it services or even how such persons have been harmed in violation of the Fair Housing Act or the Americans with Disabilities Act. Nevertheless, should the Court not dismiss this case outright, Baptist should be required to file an amended complaint plausibly alleging: how it has standing, how it is not using the Drayton Place house as a part of its commercial enterprise, and how it believes damages have been suffered.

## V.    CONCLUSION

Defendant City of Madison, Mississippi respectfully requests that this Court dismiss the Complaint for the above reasons or, if the Court does not do so, alternatively require Baptist to amend its Complaint to provide a more definite statement, so that the City can properly respond to Baptist's claims.

Dated: April 9, 2024.

Respectfully submitted,

**CITY OF MADISON, MISSISSIPPI,
Defendant**

By:    */s/ Jason T. Marsh*
　　　 Jason T. Marsh (MSB #102986)
　　　 Rebecca Blunden (MSB #99611)
　　　 *Its Attorneys*

OF COUNSEL:

Jason T. Marsh (MSB #102986)
jmarsh@cctb.com
Rebecca Blunden (MSB #99611)
rblunden@cctb.com
**COPELAND, COOK, TAYLOR AND BUSH, P.A.**
600 Concourse, Suite 200
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Phone:       (601) 856-7200
Facsimile:   (601) 856-7626

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed the foregoing Memorandum in Support of

Defendant's Motion to Dismiss with the Clerk of the Court *via* the Court's ECF filing

system, which sent a copy to all counsel of record.

Dated: April 9, 2024.

*/s/ Jason T. Marsh*
Jason T. Marsh

9