UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BAPTIST HOMES, INC., d/b/a Son Valley                      PLAINTIFF

V.                                    CIVIL ACTION NO. 3:24-CV-92-KHJ-MTP

CITY OF MADISON, MISSISSIPPI, et al.                      DEFENDANTS


ORDER

Before the Court is Defendant the City of Madison's [11] Motion to Dismiss

or, in the Alternative, for a More Definite Statement. The Court denies the motion.

I.      Background

This case arises from the City's denial of a rental license.

Plaintiff Baptist Homes, Inc., is a nonprofit that provides support services to

Mississippians with intellectual, developmental, and other disabilities. Compl. [1]

¶ 1. Those services include "residential support services provided in the private

residences of persons with disabilities upon their request and only as necessary for

individuals to live as independently as possible." *Id.*

In May 2023, Baptist Homes bought a home for four adults with disabilities.

*Id.* ¶¶ 12, 14. Those four adults are unrelated but had "previously lived together as

a family elsewhere." *Id.* ¶ 9. Baptist Homes intended to lease the home to them—

and to provide necessary in-home support services. *Id.* ¶¶ 1, 12–13; *see also id.* ¶ 31.

But in June 2023, the City's Director of Community Development wrote a

letter to Baptist Homes. *Id.* ¶ 14. The letter stated:

> It was brought to our attention that this residence was purchased to be used as multi-family, a medical facility, or a boarding house. The property is currently zoned R-1 (Single-family residential). Multi-family or commercial uses are not an allowable use in this zoning district.

*Id.* (emphasis omitted). Baptist Homes followed up with the Director, who explained that Baptist Homes "would need to discuss the matter with the City Attorney." *Id.* ¶ 16. Baptist Homes tried calling the City Attorney twice. *Id.* But she never returned the calls. *Id.*

In December 2023, Baptist Homes followed up with the Director. *Id.* ¶ 17. Baptist Homes explained that the City Attorney never returned its calls. *Id.* It also submitted its first "formal request for a reasonable accommodation," assuming that the intended use conflicted with the ordinance. *Id.* Around the same time, Baptist Homes obtained an HOA approval letter. *See id.* ¶ 20.

Baptist Homes submitted a "Rental Inspection and Property Licensing Application" in January 2024. *Id.* ¶ 21. It also made the home available to the four adults, "at no charge," "pending the City's approval" of its application. *Id.*

In February 2024, Baptist Homes asked the City about its pending application. *Id.* ¶ 24. An employee "stated for the City the [a]pplication would not be approved and directed Baptist Homes, yet again, to the City Attorney . . . for explanation." *Id.* Again, Baptist Homes tried to call the City Attorney. *Id.* And again, she never responded. *Id.* Baptist Homes then wrote to the City Attorney that

> to the extent the City . . . concluded that the intended lease of the premises to four (4) developmentally disabled adults residing together as a single household unit is somehow inconsistent with the R-1 zoning designation for the property, Baptist Homes requested explanation of the basis for such conclusion and, if that was the conclusion, that the

City please accept that correspondence as documentation of Baptist Homes' "second request for a reasonable accommodation."

*Id.* ¶ 26. Once again, the City Attorney failed to respond. *Id.* ¶ 27.

Baptist Homes then sued the City, seeking damages and declaratory and injunctive relief. *See* [1]. Baptist Homes raised claims under the Fair Housing Act (FHA) and Americans with Disabilities Act (ADA). *Id.* ¶¶ 34–44. The City moved to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6). [11] at 1. In the alternative, the City moved for a more definite statement under Rule 12(e). *Id.* at 2.

II.    Analysis

The Court first addresses the City's motion to dismiss under Rules 12(b)(1) and 12(b)(6). It then turns to the City's motion for a more definite statement under Rule 12(e).

A.  Rule 12(b)(1)

"[A]ny party invoking the judicial power must establish the irreducible constitutional minimum of standing." *Earl v. Boeing Co.*, 53 F.4th 897, 901 (5th Cir. 2022) (cleaned up). At the pleading stage, "standing exists only when the [plaintiff] plausibly alleges three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that is likely redressable by a favorable decision." *E.T. v. Paxton*, 19 F.4th 760, 765 (5th Cir. 2021) (cleaned up). "And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). As relevant here, "[a]n organization can establish standing in its

3

own name if it meets the same standing test that applies to individuals." *La. Fair Hous. Action Ctr., Inc. v. Azalea Garden Props., L.L.C.*, 82 F.4th 345, 351 (5th Cir. 2023) (cleaned up).

Baptist Homes has plausibly established Article III standing. First, it has plausibly alleged an injury in fact: an ongoing inability to collect rent. *See* [1] ¶¶ 1, 21, 25, 31. Second, it has plausibly alleged that its injury is fairly traceable to the City's conduct: the City's ongoing refusal to approve its rental-license application. *See id.* ¶¶ 1, 14−28, 33. And third, it has plausibly alleged that its injuries are likely redressable by a favorable decision: damages would redress past injuries, and injunctive relief would redress continuing injuries. *See id.* at 13−14.

The City does not dispute any of that. Instead, the City argues that Baptist Homes lacks "standing" under the ADA because it is not a "'qualified individual with a disability.'" [18] at 1 (quoting 42 U.S.C. §§ 12131−12132). That conflates Article III standing (which is jurisdictional) with statutory standing (which is not). *See Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 666 (5th Cir. 2020); *see also Maxwell v. Wash. Cnty.*, No. 4:18-CV-154, 2019 WL 4855156, at *4 n.6 (N.D. Miss. Oct. 1, 2019) (citing *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 551 (10th Cir. 2016)). So the Court addresses the City's statutory-standing argument under Rule 12(b)(6). *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 339 (5th Cir. 2021).

In sum, Baptist Homes has plausibly established Article III standing. The Court denies the motion to dismiss under Rule 12(b)(1).

B.  Rule 12(b)(6)

"To survive a motion to dismiss [under Rule 12(b)(6)], a plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023) (cleaned up). The Court "must accept all facts as pleaded and construe them in the light most favorable to the plaintiff." *Id.* (cleaned up).

The City raises a few arguments on the merits. Each is unavailing.

First, as discussed, the City argues that only a "qualified individual with a disability" may sue under Title II of the ADA. [18] at 1 (quoting 42 U.S.C. §§ 12131–12132). But the City ignores the operative statutory provision. Title II's enforcement provision authorizes suit by "*any person* alleging discrimination on the basis of disability." 42 U.S.C. § 12133 (emphasis added). That plain language "does *not* limit [Title II's] remedies to individuals with disabilities." *A Helping Hand, LLC v. Baltimore County*, 515 F.3d 356, 363 (4th Cir. 2008).[1] Because Baptist Homes allegedly "was denied a [rental-license] permit because it cares for and/or associates

---

[1] *See also, e.g., Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 47 (2d Cir. 1997), *superseded on other grounds by* Fed. R. Civ. P. 52(a); *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 405–06 (3d Cir. 2005), *abrogated on other grounds by Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *MX Grp., Inc. v. City of Covington*, 293 F.3d 326, 335 (6th Cir. 2002); *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 611 (7th Cir. 2020); *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1157 n.17 (9th Cir. 2013); *Tandy v. City of Wichita*, 380 F.3d 1277, 1286–87 (10th Cir. 2004); 28 C.F.R. § 35.130(g) ("A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.").

with individuals who have disabilities," Baptist Homes has statutory standing to sue. *MX Grp.*, 293 F.3d at 335.

Second, the City argues that Baptist Homes "runs an impermissible commercial enterprise in a residential zone." [12] at 1. And so, the argument goes, the City has the "right to enforce [its] zoning ordinances." *Id.* at 6–7 (citing *Scioto Props. SP-16, LLC v. Graf*, 349 So. 3d 172 (Miss. 2022)).

That argument fails for two reasons. For one, the City waived the argument through inadequate briefing. *See Wong v. Lighthouse Point, LLC*, No. 4:16-CV-109, 2017 WL 6028356, at *9 (N.D. Miss. Dec. 5, 2017). The City's opening memorandum devoted two sentences to this argument. *See* [12] at 6–7. And the City's briefing relied exclusively on a state-court case that "did not address the FHA" (let alone the ADA). [18] at 4; *see also Scioto Props.*, 349 So. 3d at 175 (underscoring that the FHA "is *not* part of this litigation"). Because the City fails to explain how its argument is relevant to Baptist Homes' federal FHA and ADA claims, the City has waived this argument. *See Wong*, 2017 WL 6028356, at *9.

Even if the City did not waive the argument, the Court would reject it. Assuming that Baptist Homes' intended use violated the ordinance,[2] Baptist Homes alleges that it requested a reasonable accommodation. [1] ¶¶ 17, 26, 36(c), 42(b). Both the FHA and ADA make it unlawful not to make reasonable accommodations. *See* 42 U.S.C. § 3604(f)(3)(B); *id.* § 12132; 28 C.F.R. § 35.130(b)(7)(i) ("reasonable

---

[2] The Court expresses no view on that issue. But it notes the City's concessions that (1) the City "certainly has rental properties owned by corporations" and (2) the ordinance defines "family" to include "two or more persons living together as a single, housekeeping unit, *whether related to each other legally or not.*" [18] at 3 (emphasis added).

modifications"). Those provisions "specifically target[] the type of zoning regulations at issue here," including regulations "involving commercial/noncommercial zoning distinctions." *Groome Res. Ltd. v. Par. of Jefferson*, 234 F.3d 192, 201–02 & n.14 (5th Cir. 2000); *see also One Love Hous., LLC v. City of Anoka*, 93 F.4th 424, 429 (8th Cir. 2024) (collecting cases and noting that "courts considering claims relating to housing disputes analyze FHA and ADA [reasonable-accommodation] claims as one" (cleaned up)). So even if the City had properly pressed this argument, the Court would reject it.

Third, the City argues that "the individuals living at [Baptist Homes'] house are currently doing so for free and, thus, have no damages." [12] at 7. That misses the point. Because Baptist Homes cannot collect rent from four would-be tenants who are living there "for free," *Baptist Homes* has suffered damages. *See supra* p. 4.

The City's merits arguments are unavailing. The Court thus denies the motion to dismiss under Rule 12(b)(6).

C.   Rule 12(e)

A motion for a more definite statement is proper when a pleading is "so vague or ambiguous that [the defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A court should only grant a motion for a more definite statement when the complaint is so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 650 (E.D. La. 2022) (cleaned up).

Baptist Homes' 14-page Complaint is far from unintelligible. It is detailed and clear. The Court has every confidence that the City can "properly understand" it—and "properly respond." [12] at 1, 8; [18] at 5. The Court denies the motion under Rule 12(e).

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES the City's [11] Motion to Dismiss or, in the Alternative, for a More Definite Statement.

SO ORDERED, this 2nd day of October, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE