**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BAPTIST HOMES, INC.**
**DBA SON VALLEY**                                                                                                **PLAINTIFF**

**v.**                                                            **CAUSE NO. 3:24CV-00092-KHJ-MTP**

**CITY OF MADISON, MISSISSIPPI,**
**A MUNICIPAL CORPORATION, and**
**JANE-JOHN DOES I-X**                                                    **DEFENDANTS**

---

**JOINT MOTION TO STAY AND TO AMEND CASE MANAGEMENT ORDER**

---

COME NOW, Plaintiff Baptist Homes, Inc. d/b/a/ SON Valley ("Baptist Homes") and Defendant City of Madison, Mississippi, a Municipal Corporation ("City of Madison") (collectively, the "Parties"), by and through undersigned counsel, and submit this the Parties' Joint Motion to Stay these proceedings for a period of a minimum one hundred twenty (120) days, and to Amend the Case Management Order. In support thereof, the Parties would show unto the Court as follows:

1. Pursuant to the [Doc. 25] Case Management Order, the deadline for completion of all discovery in this matter is June 16, 2025. Thereafter, the deadline for filing dispositive motions is June 30, 2025, with a trial scheduled during the December 1-12, 2025 trial calendar.

2. On June 12, 2025, the Parties reached an agreement in principle (sometimes "the agreement") that would resolve all claims in this matter upon final agreement approved by governing boards for both Parties.

3. As of the date of filing of this Joint Motion to Stay and Amend the Case Management Order, the only discovery remaining to be completed is the 30(b)(6) corporate deposition of

Defendant City of Madison and the individual deposition of Defendant City of Madison witness Kianca Guyton, both of which were noticed and scheduled for completion on June 13, 2025.

    4. Having reached an agreement in principle for resolution of this matter, the Parties recognize that the terms of the proposed agreement will require time and effort of counsel to obtain certain information and for drafting and execution of certain documents necessary for the resolution of this matter as proposed. Only thereafter can a final agreement for resolution be submitted to the governing boards of both Parties for final execution and approval.

    5. In order that the Parties have sufficient time to obtain the necessary information and documentation pursuant to the proposed agreement, and for the final approvals necessary to effectuate the resolution of this matter as proposed, the Parties would move the Court to stay these proceedings for a minimum one hundred twenty (120) days and for amendment of the Case Management Order as may be necessary.

    6. The Parties understand and acknowledge that amendment of the Case Management Order if approved by the Court would necessitate the extension of remaining deadlines and a continuance of the trial setting.

    7. Should the Parties be unable to reach a final agreement for resolution of all claims prior to the expiration of the stay as approved, the Parties will promptly notify the Court so that the matter may be placed back on the calendar.

    8. The Parties further acknowledge that should the proposed stay be lifted for failure of the Parties to reach final agreement, the only remaining discovery allowed would be limited to the completion of the 30(b)(6) deposition of Defendant City of Madison and the remaining individual deposition of Defendant witness Kianca Guyton.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Baptist Homes and Defendant City of Madison respectfully move the Court to stay these proceedings for a period of a minimum of one hundred twenty (120) days, and for amendment of the [Doc. 25] Case Management Order as necessary, in order to afford the Parties time to effectuate the final execution and necessary approvals of an agreement for the resolution of all claims in this matter. The Parties respectfully and jointly request all other relief as may be warranted in the premises.

This, the 16th day of June, 2025.

Respectfully submitted,

By: /s/ William H. Hussey
William H. Hussey (MBN 102322)
Kelly H. Stringer (MBN 103293)
Charles H. Best, III (MBN 106451)
Maxey Wann, PLLC
210 E. Capitol St., Ste. 200 (39201)
Post Office Box 3977
Jackson, Mississippi  39207-3977
(601) 355-8855
(601) 355-8881 Facsimile
william@maxeywann.com
kelly@maxeywann.com
charles@maxeywann.com

*Counsel for Plaintiff*

By: /s/ Kelly D. Simpkins_____
Kelly D. Simpkins, Esq. (MBN 9028)
Lana E. Gillon, Esq. (MBN 9548)
WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
ksimpkins@wellsmarble.com
lgillon@wellsmar.com

*Special Counsel for Defendant*

## CERTIFICATE OF SERVICE

Undersigned hereby certifies that on the date set forth hereinafter, the above and foregoing document was caused to be served via the ECF filing system which sent notice of such filing to all counsel of record.

This the 16th day of June, 2025

/s/  William H. Hussey\_\_\_\_\_
William H. Hussey