**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BAPTIST HOMES, INC.**
**DBA SON VALLEY**                                                                                  **PLAINTIFF**

**VS.**                                                                                   **3:24-CV-00092-KHJ-MTP**

**CITY OF MADISON, MISSISSIPPI**
**A MUNICIPAL CORPORATION, AND**
**JANE-JOHN DOES I-X**                                                                       **DEFENDANTS**

**CITY OF MADISON'S MEMORANDUM**
**BRIEF IN SUPPORT OF ITS MOTION IN LIMINE**

The City of Madison, Mississippi, Defendant herein, by and through its counsel, and hereby files its Memorandum Brief in Support of its Motion in Limine.

**I. INTRODUCTION**

Plaintiff claims that the City of Madison ("Madison") refused to make a reasonable accommodation for a group home of intellectually disabled adults under the Fair Housing Act ("FHA") and the American's With Disabilities Act ("ADA"). Plaintiff seeks to locate a group in an R-1 (single family) residential neighborhood, Plaintiff has accused Madison of acting arbitrarily and capriciously, in bad faith, intentionally, willfully and in disregard for the rights of others. In addition to monetary damages, and statutory attorney fees, Plaintiff also demands punitive damages against Madison. Madison, of course, denies the allegations, and is separately filing a Motion for Summary Judgment.[1]

One of the factual issues that has arisen is what was communicated to Madison when Plaintiff's representative, Aaron Minor, contacted the Fire Department to inquire about having a

---

[1] Madison specifically reserves and does not waive the right to file additional motions in limine. It brings this limited Motion in Limine because of its bearing on Madison's Motion for Summary Judgment.

fire inspection of Plaintiff's group home. What was discussed in that telephone call relates directly to Plaintiff's claims regarding reasonable accommodation and whether Madison acted arbitrarily and capriciously warranting punitive damages. Briefly, Madison's Fire Department only inspects commercial properties and not single family residences. Mr. Minor testified in his deposition that he told the Fire Department that there would be five to six persons living in the home and that it was a group home. Thus, Mr. Minor communicated substantively to Madison that Plaintiff intended to operate a group home in a R-1 residential neighborhood in violation of Madison's ordinances.

> Mr. Minor testified accurately and truthfully in his deposition as follows:
>
> Q. Did you tell him that there would be five or six people living in there?
> A. Yes.
> Q. Did you use the term it is a "group home"?
> A. Yes.

(See Exhibit 1 to Motion in Limine, Docket No. 81 )

At the conclusion of the examination by Madison's counsel, there was a brief break. After that break Mr. Minor testified in response to questions by Plaintiff's counsel as follows:

> Q. Back on the record, please. Mr. Minor, you were asked a specific question by Mr. Simpkins near the beginning of your deposition about your phone call with Kevin Miller. And you were asked did you tell Kevin Miller there would be five or six guys living in the house. And your responded "yes" to Mr. Simpkins' question. Did you tell Kevin Miller there would be five or six guys living in Drayton?
> A. No.
> Q. Ok. Do you know how many gentlemen were intended to move into Drayton?
> A. Yes.
> Q. How many is that?
> A. Four.

(See Exhibit 1 to Motion in Limine, Docket No. 81) Madison's counsel then followed up with additional questions:

2

> Q. Mr. Minor, did you discuss your testimony with your attorney during a break?
> A. Yes.
> Q. And were you instructed to correct that specific testimony?
> A. Yes.

(See Exhibit 1 to Motion in Limine, Docket No. 81)

It is clear from Mr. Minor's testimony he was coached to change his testimony and give more favorable testimony on behalf of Plaintiff. Accordingly, Madison seeks a limiting instruction prohibiting Plaintiff from offering into evidence at trial the testimony that Mr. Minor gave as a result of the coaching by Plaintiff's counsel. Madison seeks a limiting instruction requiring Mr. Minor to testify consistently with the testimony given to Madison's counsel and prohibited from testifying further as to the coached testimony. Alternatively, a required stipulation setting forth his true, un-coached testimony would suffice.

## II.  THE LAW

Rule 30(c) of the Federal Rules of Civil Procedure governs depositions. "The examination and cross-examination of a deponent may proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." In other words, "What would not be proper at trial is normally not proper at a deposition." *Cordova v. US*, No. CIV 05-563, 2006 WL 4109659, at *4 (D.N.M. July 30, 2006). "Courts have held that during a deposition, '[t]he interrogating counsel has the right to the deponent's answers, not an attorney's answers.'" *Bracey v. Delta Technical College*, No. 3:14cv238, 2016 WL 918939, at *1 (N.D. Miss. March 9, 2016) (quoting *In re: Stratosphere Corp. Securities Litigation*, 182 FRD 614, 621(D. NEV. 1998)).

The United States Supreme Court has addressed the issue of coaching a witness who is on the stand during a break in a trial. *Perry v. Leeke*, 488 US 272, 109 S. Ct. 594 (1989). Prior to *Perry*, the Court had ruled that the trial court violated a criminal defendant's sixth amendment

right to assistance of counsel by barring any communication between the attorney and Defendant during an overnight recess. *Geders v. United States*, 425 US 80 (1976). *Perry* considered "whether the *Geders* Rule applies to a similar order entered at the beginning of a fifteen-minute afternoon recess." *Id. at 274.* In holding that the District Judge's order barring any communication between the Defendant and his attorney during a fifteen-minute break was not unconstitutional, the Court recognized that it is a common practice for judges to instruct witnesses not to discuss their testimony with third parties until the trial is completed. *Id. at 281*. The purpose of such prohibitions is to ensure the likelihood that witnesses "will confine themselves to truthful statements based on their own recollections." *Id. at 282.* Although the question of "coaching" was not an issue in *Perry*, the Court left no doubt as to its position regarding coaching a witness during a break. It stated, "[i]n other words, the truth-seeking function of the trial can be impeded in ways other than unethical 'coaching.'" *Id.* The purpose of applying the rule during depositions is obvious:

> Depositions serve another purpose as well: the memorialization, the freezing, of a witness's testimony at an early stage of the proceedings before the witness's recollection of the events at issue either has faded or has been altered by intervening events, other discovery, or the helpful suggestions of lawyers.

*Hall v. Crypton Precision,* 150 FRD 525, 528 (E.D. Penn. 1993).

As the Northern District of Mississippi pointed out:

> Naturally, then, the Federal Rules of Civil Procedure condemn "coaching the witness by telling the witness what to say or how to answer a specific question."

*Bracey,* 2016 WL 918939 at *1 (quoting *In re: Stratosphere Corp. Securities Litigation*, 182 FRD at 621).

Last year, this Court followed *Bracey*, *Hall* and *In re: Stratosphere* in levying sanctions for coaching a witness. *Star Indem. Ins. Co. v. River Roads Directional Drilling*, *LLC,* No. 3:23-cv-

00215, 2024 WL 4907403, at *3 (S.D. Miss. October 15, 2024). In that case the attorney self-reported that during a break he "commented on certain words [the witness] should watch for when being questioned." *Id.* at *2. In sanctioning the attorney, the Court recognized that the attorney "admitted to conferring with his client during breaks in the deposition, and he also admitted to instructing his client not to answer questions about the communications on the basis of privilege." These cases leave no room for doubt that discussing, suggesting, and coaching a witness during a break regarding specific lines of testimony is prohibited and sanctionable.

### III. THE REMEDY

The testimony of Aaron Minor is evidence of blatant coaching of Mr. Minor during his deposition. It is clear from Mr. Minor's testimony that he discussed a specific line of testimony with his attorney during the break and was instructed to correct that testimony. Madison does not seek sanctions against the attorney as was awarded in most of the cases cited herein. Madison does not seek even a negative inference instruction to the jury as was requested and rejected in *Bracey*. Instead, a reasonable measure is to enter a limiting order prohibiting Plaintiff from offering into evidence through Aaron Minor, or others, Aaron Minor's coached testimony that he did not tell the Fire Department it was five or six people living in the home but that he told him it would be four people living in the residence. Or as an alternative measure, Madison asks the Court to order a stipulation setting forth Mr. Minor's true, un-coached testimony.

This, the 18th day of November, 2025

Respectfully submitted,

**CITY OF MADISON, MISSISSIPPI,
A MUNICIPAL CORPORATION**

BY:     *s/ Kelly D. Simpkins*
Kelly D. Simpkins (MSB #9028)
One of Its Attorneys

5

OF COUNSEL:

Kelly D. Simpkins (MSB #9028)
Lana E. Gillon (MSB #9548)
WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:    (601) 605-6900
Facsimile:    (601) 605-6901
ksimpkins@wellsmarble.com
lgillon@wellsmarble.com
    *Special Counsel for the City of Madison, Mississippi*

Chelsea H. Brannon, Esq.
City of Madison, Mississippi
1004 Madison Avenue
Madison, Mississippi 39110
Post Office Box 40
Madison, Mississippi 39130
Telephone:  (601) 856-7116
Facsimile:  (601) 853-4766
cbrannon@madisonthecity.com
    *Counsel for the City of Madison, Mississippi*

/#295496